NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Abdul Brown,<br><br>         Plaintiff,<br><br>     v.<br><br>J&B Leasing, Inc., Kenneth W. Peacemaker, New Hampshire Insurance Company, and Connecticut General Life Insurance,<br><br>         Defendants. | CIVIL ACTION NO. 05-1897 (DRD)<br><br>**OPINION** |

FREEMAN & BASS, P.C.
Randall Bass, Esq.
24 Commerce Street
Newark, NJ 07102
*Attorney for Plaintiff*

LAW OFFICES OF FLOYD G. COTTRELL
Scott Diener, Esq.
550 Broad Street
Newark, NJ 07102
*Attorney for Defendants J&B Leasing, Inc. and Kenneth W. Peacemaker*

**DEBEVOISE, Senior District Judge**

### I. PROCEDURAL HISTORY

Plaintiff Abdul Brown filed a complaint on February 23, 2005, in New Jersey Superior Court for damages resulting from an automobile accident. Defendants, non-New Jersey residents, removed the action to this court on April 8, 2005, pursuant to 28 U.S.C. §1441(a). Defendants J&B Leasing, Inc. and Kenneth W. Peacemaker then filed a motion for summary

judgment with this Court, on June 29, 2006.

## II.  BACKGROUND

Plaintiff was involved in a car accident on May 5, 2004, in or near Hillside, New Jersey. (Compl. ¶ 1.)  Plaintiff has sued Defendants J&B Leasing, Inc. and Kenneth W. Peacemaker for Peacemaker's alleged negligence in driving a vehicle owned by J&B, and the insurance companies for not paying his insurance claim.  Plaintiff and Defendants agree that Plaintiff did not, in fact, have a valid automobile insurance policy at the time of the accident.  (Pl.'s Statement of Material Facts.)  Plaintiff, however, maintains that he believed that he did have such insurance, since he paid an insurance broker approximately $1,100 by money order, and received what appeared to be an insurance card and declaration sheet in the mail.  (Pl.'s Aff. ¶ 6.)  Moving Defenants assert that N.J.S.A. 39:6A–4.5(a) bars any recovery by Plaintiff, and Plaintiff disputes the applicability of the statute to this case.

## III.  DISCUSSION

### Standard for Summary Judgment

Summary judgment is appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party,"  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  Id.  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the nonmoving party by extending any reasonable

favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson, 477 U.S. at 255).

### Construction of N.J.S.A. 39:6A–4.5

N.J.S.A. 39:6A–4.5(a) provides:

> Any person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage mandated by section 4 of P.L.1972, c. 70, section 4 of P.L.1998, c. 21 (C.39:6A–3.1) or section 45 of P.L.2003, c. 89 (C.39:6A–3.3) shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile.

The statute makes no explicit mention of any requirement that the uninsured driver have a culpable state of mind. Plaintiff, however, urges that the court interpret the statute to require that a driver *willfully* operate a vehicle without insurance. In support of this contention, Plaintiff points out that N.J.S.A. 39:6A–4.5 (b) and (c) both require some intentional conduct on the part of a driver (namely, driving while under the influence of alcohol or drugs, or using with the intent to injure oneself or another). See Caviglia v. Royal Tours, 178 N.J. 460, 474 (2004), "One public policy rationale behind N.J.S.A. 39:6A–4.5 is to deter drunk driving, the intentional use of automobiles as weapons, and drivers from operating uninsured vehicles." Because all three parts of the statute should be construed *in pari materia*, Plaintiff claims that a culpable state of mind is an implicit condition of the bar to suit.

Plaintiff has cited no legislative history which would tend to support this conclusion. Indeed, the New Jersey Legislature, in an attempt to reduce the expense (and increase the availability) of automobile insurance, has repeatedly placed "additional conditions on the right to

3

sue in automobile accident cases." Caviglia, 178 N.J. at 467. See also id. at 468-471 (recounting the history of automobile insurance reform efforts in New Jersey). "The Legislature may have decided that the most powerful means to coerce an uninsured driver into complying with the law was to deny recovery for personal injuries." Id. at 480. The reading that Plaintiff urges would frustrate, rather than serve, this legislative purpose by requiring defendants to prove that uninsured plaintiffs were knowingly uninsured, and increase, rather than decrease, automobile accident litigation.

Plaintiff's analogy to Jendrzejewski v. Allstate Ins. Co., 341 N.J. Super. 460 (App. Div. 2001), is also unconvincing. In Jendrzejewski, the plaintiff was injured and sued, though his own automobile insurance company had been declared insolvent, and benefits were not available under his policy. Id. at 464-65. The court held, however, that the plaintiff "complied with the requirements set by N.J.S.A. 39:6A–4.5 . . . by obtaining a policy of insurance from an insurer which was then in good standing." Id. at 465. Furthermore, the plaintiff did have actual coverage available through the New Jersey Property Liability Insurance Guaranty Association, as a result of his insurer's insolvency. Id. at 461-62. In this case, while Plaintiff may have tried to comply with the statute, he never did "obtain a policy of insurance from an insurer . . . in good standing," and thus is barred from suing.

It should be noted that all this analysis is somewhat gratuitous, since the plain meaning of the statutory language is apparent. While Plaintiff argues that he tried, he ultimately "failed" to maintain automobile insurance. His intention, while honorable, is irrelevant to the question of his success or failure. See Webster's Third New International Dictionary (Unabridged), 1993 (defining "fail," when used as an intransitive verb, as it is in the statute, as, inter alia, "to miss

4

success in some effort," "to neglect to do something: leave something undone: be found wanting in not doing something," and "to end without success"). This case's unfortunate facts arguably give Plaintiff a cause of action against his insurance agent, but they do not suffice to show compliance with N.J.S.A. 39:6A–4.5(a).

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion for summary judgment will be granted. The Court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:        August 14, 2006